IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARLIN E. JONES, | ) | 8:10CV76 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DEPARTMENT OF HOUSING | ) | |
| AND URBAN DEVELOPMENT, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on February 18, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on February 18, 2010, against two Defendants, the U.S. Department of Housing and Urban Development and Clyde Blandford, its Executive Director. (Filing No. 1.) Condensed and summarized, Plaintiff alleges that he was a tenant at "Platteview Apartments," which is a recipient of Section 8 funds. (Filing No. 1 at CM/ECF pp. 1-2.) In a related case, Plaintiff asserts that he voluntarily moved out of his Platteview Apartments residence on or around September 1, 2004. (Case No. 7:09CV5012, Filing No. 11 at CM/ECF p. 5.) Plaintiff further alleges that Defendants "failed to take appropriate action" against Platteview Apartments because it did not provide Plaintiff "with a clean, safe and sanitary" bathroom. (*Id.* at CM/ECF p. 2.) Plaintiff claims that he had "an interest and expectation[]" in Defendants taking "remedial action" and their failure to do so violated the "contractual agreement" between Defendants and Platteview Apartments.

(*Id.* at CM/ECF p. 3.) Plaintiff seeks monetary relief in the amount of $250,000.00. (*Id.* at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Defendants in this matter are an agency of the United States and one of its

2

employees sued in his official capacity.[1] "Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued . . . . This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Further, "sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475, citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Although 42 U.S.C. § 1404a states that "[t]he Secretary of Housing and Urban Development may sue and be sued only with respect to its functions under the United States Housing Act of 1937," that clause does not permit breach of contract suits for money damages to be paid out of the federal treasury. *See U.S. v. Adams*, 634 F.2d 1261, 1265 (10th Cir. 1980) (noting that the United States' § 1404a waiver is "only with respect to its functions under this chapter" and finding that the United States has not waived its sovereign immunity under that section because "payment of damages for alleged contractual breaches arising out of an approved contract" does not "fall[] within the 'functions' of HUD in making housing available"); *Cathedral Square Partners Ltd. P'ship v. South Dakota Hous. Dev. Auth.*, No. Civ. 07-4001, 2009 WL 873998 (D.S.D. March 30, 2009) (finding that claims for monetary relief against HUD and its Secretary relating to the administration of Section 8 contracts are claims against the United States and are barred by sovereign immunity because 42 U.S.C. §

---

[1] Plaintiff does not specify the capacity in which Defendant Blandford is sued and the court therefore presumes that he is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

3

1404a does not waive sovereign immunity for such claims); *Furtick v. Medford Hous. Auth.*, 963 F. Supp. 64, 71-72 (D. Mass. 1997) (holding that § 1404a does not waive sovereign immunity for monetary damages claims relating to alleged civil rights violations). In short, Plaintiff has not alleged that the United States has waived its grant of sovereign immunity from monetary relief, nor does the court believe the United States has done so.[2] Plaintiff's claims must therefore be dismissed because this court lacks subject matter jurisdiction.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for lack of subject matter jurisdiction.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

---

[2]Plaintiff also requests "an order of restitution entitling [him] to his home." (Filing No. 1 at CM/ECF p. 4.) It is unclear whether this is a request for injunctive relief. Regardless, Plaintiff's own filings show that he voluntarily moved out of his Platteview Apartments residence more than five years ago. (Case No. 7:09CV5012, Filing No. 11 at CM/ECF p. 5.) There is nothing before the court showing that Plaintiff has attempted to return to his Platteview Apartments home or was prevented from doing so. As in *Furtick*, Plaintiff has, at best, alleged only the "mere possibility that [he] will be injured in the future." *Furtick*, 963 F. Supp. at 69. As such, Plaintiff lacks standing to pursue his requested injunctive relief. Further, although the court need not decide the issue at this time, the court has serious doubts regarding whether Plaintiff has a private right of action for injunctive relief under Section 8. *Hill v. Group Three Housing Development Corp.*, 799 F.2d 385, 397 (8th Cir. 1986); *see also Banks v. Dallas Housing Authority*, 271 F.3d 605, 610-11 (5th Cir. 2001) (denying relief where the plaintiffs claimed Section 8 violations of requirement to provide "decent, safe, and sanitary" housing and finding that Section 8 "neither displays Congressional intent to create a private right of action nor creates a federal right that is judicially enforceable through 42 U.S.C. § 1983").

      3.      All pending motions are denied as moot.

DATED this 23rd day of April, 2010.

                                      BY THE COURT:

                                      *Richard G. Kopf*
                                    United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.